**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1360-19T3

LISA FITTON,

  Plaintiff-Respondent,

v.

GEORGE ELMASRY,

  Defendant-Appellant.

_____

    Submitted January 4, 2021 – Decided January 21, 2021

    Before Judges Fasciale and Mayer.

    On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FM-13-0553-11.

    George Elmasry, appellant pro se.

    Cores & Associates, LLC, attorneys for respondent (Amy Sara Cores, on the brief).

PER CURIAM

Defendant appeals from a September 13, 2019 order denying his motion to modify the custody arrangement for the parties' son Adam[1]; and a November 1, 2019 order denying reconsideration. Defendant argues the judge abused his discretion in entering both orders. We disagree and affirm.

The parties married in December 1994 and have two children together: Adam and Neil. They separated and eventually divorced in July 2014. The parties entered into a Dual Agreement of Divorce, which incorporated the parties' Marital Settlement Agreement (MSA). Adam is twenty-one years old and is diagnosed with autism, attention deficit hyperactivity disorder, obsessive-compulsive disorder, and an anxiety disorder. He presents with physically aggressive tendencies which sometimes become violent. In May 2018, a judge determined that Adam was legally incapacitated and appointed plaintiff as Adam's guardian. Defendant has custody of Neil and currently lives in California with him, his second wife, and their child.

Pursuant to the MSA, which the parties entered into knowingly and voluntarily, defendant and plaintiff shared custody of both children, but plaintiff had sole and exclusive authority to make all medical and educational decisions pertaining to Adam. The parties acknowledged in the MSA that when Adam reached

---

[1] The names of the parties' children have been changed for purposes of this decision.

the age of twenty-one, they "[would] work together to move [Adam] to live in a state residence as an adult permanently."  Plaintiff agreed to register with the Department of Developmental Disabilities for the "priority list" to assist in finding Adam a suitable permanent placement in a state facility.

On appeal, defendant raises the following points for this court's consideration:

POINT I

[THE MOTION JUDGE] DID NOT UNDERSTAND THE CASE DETA[I]LS WHEN HE RULED[.]

POINT II

THE CASE BOUNCED BETWEEN COURTS IN A THEATRICAL MANNER[.]

POINT III

THE BEST INTEREST OF [ADAM] WAS NOT CONSIDERED[.]

POINT IV

THE PLAINTIFF IS LYING[.]

POINT V

CASE LAW[.]

In his reply brief, defendant raises additional points for this court's consideration, which we have renumbered:

[POINT VI]

[THE MOTION JUDGE] ACTED WITH IGNORANCE[.]

[POINT VII]

HEARSAY IS NOT EVIDENCE[.]

[POINT VIII]

THE MORAL [NON]-EQUIVALENCE BETWEEN THE PLAINTIFF AND [DEFENDANT.]

[POINT IX]

PROBATE COURT DECIDED [ADAM'S] LONG TERM RESIDENCY[.]

[POINT X]

[DEFENDANT] NEV[E]R GAVE[] UP . . . [HIS] PARENTAL RIGHTS.

[POINT XI]

[DEFENDANT] HA[S] THE FIRST RIGHT TO [HIS] OWN CHILD OVER THE STATE.

 [POINT XII]

THE PLAINTIFF VIOLATED ALL AGREEMENTS.

[POINT XIII]

HEARSAY DOES NOT REPLACE COURT APPOINTED EXPERT OPINION.

A-1360-19T3

We affirm substantially for the reasons expressed by the motion judge. We add these brief remarks.

We review a motion judge's denial of a modification of child custody for abuse of discretion. Hand v. Hand, 391 N.J. Super. 102, 111-12 (App. Div. 2007). In custody determinations, "the primary and overarching consideration is the best interest of the child." Kinsella v. Kinsella, 150 N.J. 276, 317 (1997). This inquiry focuses on the "'safety, happiness, physical, mental and moral welfare' of the child[]." Hand, 391 N.J. Super. at 105 (quoting Fantony v. Fantony, 21 N.J. 525, 536 (1956)). Our Supreme Court has set forth "the proper procedure for [judges] to follow on modification motions." Lepis v. Lepis, 83 N.J. 139, 157 (1980); see R.K. v. F.K., 437 N.J. Super. 58, 62 (App. Div. 2014) (noting that "[t]he Lepis two-step process procedure applies to changes in child custody"). "A party seeking to modify custody must demonstrate changed circumstances that affect the welfare of the child[]." Hand, 391 N.J. Super. at 105. The motion judge may then conduct a plenary hearing "when the submissions show there is a genuine and substantial factual dispute regarding the welfare of the child[]" and the motion judge determines that "a plenary hearing is necessary to resolve the factual dispute." Ibid.

A-1360-19T3

We likewise review a motion judge's denial of reconsideration for abuse of discretion. Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010). A motion for reconsideration is reserved for "cases which fall into that narrow corridor" where the prior decision was "based upon a palpably incorrect or irrational basis;" where the judge failed to consider or appreciate the significance of "probative, competent evidence," or where "a litigant wishes to bring new or additional information to the [judge's] attention which it could not have provided on the first application[.]" D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990).

The motion judge rendered a detailed opinion denying defendant's motion to modify the custody arrangement for Adam. The judge detailed defendant's contentions that he is fully able to care for Adam, that Adam. thrived in his care, and that Adam should not be placed in residential living. The judge also detailed plaintiff's contentions that defendant did not have the services in place for the proper care of Adam, and that she was granted custody of Adam. because of "various instances of [Adam] acting out and becoming violent with [defendant's] wife and newborn child." The motion judge found

> [defendant's] request to transfer custody of [Adam] to [him] and allow [Adam] to reside in California[] is contrary to the express terms of the MSA, contrary to the recommendations of the professionals involved in [Adam's] care, contrary to the [j]udgment of [l]egal

6

[i]ncapacity and [a]ppointment of [g]uardian of the [p]erson and [e]state, and not in [Adam's] best interest.

The motion judge noted that the MSA provides plaintiff with "sole and exclusive authority over all medical and educational decisions concerning [Adam]," and that "[w]hen [Adam] reaches [twenty-one], the parties will work together to move [Adam] to live in a state residence as an adult permanently."

The motion judge further noted that plaintiff provided numerous recommendations from professionals supporting her contention that residential placement and treatment for Adam is in his best interest, while defendant "provided no recommendations from any professional refuting the many recommendations of out of home placement for [Adam]." Nor had defendant provided "evidence of a substantial change in the circumstances that affects the welfare of [Adam] such that his best interests would be better served by modifying custody." We see no abuse of discretion in the motion judge's denial of the custody modification.

Nor did the judge err in denying defendant's motion for reconsideration. Defendant attached numerous additional exhibits with his motion consisting of emails between defendant and plaintiff from 2013, "pictures . . . that show how [Adam] is well integrated in the society with [defendant]," as well as a transcript of the December 8, 2017 hearing and an order from another judge ordering the parties

to participate in mediation. These exhibits were available to defendant and could have been included as part of his original motion. The motion judge did not rest his decision upon a palpably incorrect or irrational basis, nor did he fail to consider or appreciate the significance of probative, competent evidence. He properly rejected defendant's attempt to expand the record and presented thorough written reasons for his denial. The judge therefore did not abuse his discretion in denying defendant's motion for reconsideration.

To the extent that we have not addressed defendant's remaining arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION